UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| SUN LIFE ASSURANCE COMPANY OF CANADA,<br><br>              Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A. AS SECURITIES INTERMEDIARY,<br><br>              Defendant. | 4:15-MC-116-KES<br><br>ORDER DENYING MOTION TO QUASH SUBPOENA AND MOTION FOR PROTECTION FROM SUBPOENA IN CIVIL ACTION |

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUN LIFE ASSURANCE COMPANY OF CANADA,<br><br>              Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A. AS SECURITIES INTERMEDIARY,<br><br>              Defendants. | 3:14-CV-05789-PGS-LHG |

Plaintiff, Sun Life Assurance Company of Canada, served attorney Pamela Bollweg with a subpoena on November 18, 2015, seeking documents relevant to litigation in New Jersey. On November 25, 2015, Bollweg filed a motion to quash the subpoena and a motion for protection from subpoena in a

civil action. Sun Life urges the court to deny the motions. For the following reasons, Bollweg's motions are denied.

## BACKGROUND

The subpoena seeks documents from Bollweg stemming from a lawsuit filed in South Dakota by the Estate of Ms. Nancy Bergman. Nachman Bergman, Bollweg's former client, was the former trustee of the N Bergman Insurance Trust. According to Sun Life, Bollweg may possess documents relating to life insurance policies issued on the life of Ms. Bergman that are relevant in the New Jersey lawsuit. The subpoena provides thirteen different requests for production of documents.

## DISCUSSION

Federal Rule of Civil Procedure 45 states that in response to a timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (1) fails to allow a reasonable time to comply; (2) requires a person to comply beyond the geographic limits specified in Rule 45(c); (3) requires disclosure of privileged or other protected matter, if no exceptions or waiver applies; or (4) subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A). The mere fact that an attorney possesses documents provided by his or her client does not render that information privileged or work product. *See Sedco Int'l, S.A. v. Cory,* 683 F.2d 1201, 1205 (8th Cir. 1982); *Lamar Advertising of S.D., Inc., v. Kay,* 267 F.R.D. 568, 574 (D.S.D. 2010). When a party withholds otherwise discoverable information by claiming that the information is privileged or work product, the party must:

>   (1) expressly make the claim, and
>
>   (2) describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

*Lamar,* 267 F.R.D. at 574 (citing Fed. R. Civ. P 26(b)(5)(A)).

In support of her motions, Bollweg argues that Sun Life provided insufficient time to respond to the subpoena and that the documents requested are protected by either attorney-client privilege or the work product doctrine. Considering the forthcoming discovery deadline in the New Jersey lawsuit, the court finds that Sun Life provided reasonable time to comply with the subpoena. Additionally, Bollweg offers no specifics to support the argument that the documents sought by Sun Life are protected by attorney-client privilege or the work-product doctrine. Thus, Bollweg has not met her burden of establishing facts that support her assertion of privilege or protection from the work-product doctrine.

Under Rule 26(b)(5)(A), if Bollweg is unable to produce certain documents due to attorney-client privilege or the work-product doctrine, she should submit a privilege or work-product log describing the nature of the documents that she is unable to disclose. Because she has not provided a privilege log, the court is unable to determine if the documents in fact are privileged. Thus, it is

ORDERED that Bollweg's motion to quash the subpoena and motion for protection from subpoena in a civil action (Docket 1) are denied.

IT IS FURTHER ORDERED that Bollweg must produce all documents requested in Sun Life's subpoena that are not protected by attorney-client privilege or the work-product doctrine by December 21, 2015.

IT IS FURTHER ORDERED that Bollweg must produce a privilege log detailing the nature of documents that she is unable to produce due to attorney-client privilege or the work-product doctrine.

Dated December 16, 2015.

> BY THE COURT:
>
> /s/ *Karen E. Schreier*
> KAREN E. SCHREIER
> UNITED STATES DISTRICT JUDGE